UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| R.R.,<br><br>    Plaintiff,<br><br>    v.<br><br>J.G. WENTWORTH COMPANY,<br><br>    Defendant. | Case No. 26-cv-03082-KAW<br><br>**ORDER DENYING MOTION TO PROCEED UNDER PSEUDONYM**<br><br>Re: Dkt. No. 3 |

United States District Court
Northern District of California

On April 10, 2026, Plaintiff filed a putative class action against Defendant J.G. Wentworth Company, alleging that Defendant used tracking technologies on their website. (Compl., Dkt. No. 1.) Plaintiff moves to proceed under a pseudonym, on the ground that Defendant markets its financial products and services to consumers who are often struggling financially. (Dkt. No. 3 at 2.) Plaintiff argues that anonymity is warranted because information about his financial situation may be disclosed, which in turn could result in harm to his reputation and career. (*Id.* at 3.)

The default rule in civil litigation is that "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). The Ninth Circuit, however, "allow[s] parties to use pseudonyms in the 'unusual case' when nondisclosure is necessary to protect a person from harassment, injury, ridicule, or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir. 2000) (internal quotation omitted). The Ninth Circuit has thus "permitted plaintiffs to use pseudonyms in three situations: (1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution." *Id.* at 1068 (cleaned up).

United States District Court
Northern District of California

Here, Plaintiff asserts the second scenario based on his financial information, but provides no authority permitting anonymity in a court case under such circumstances. Indeed, financial information about salary and debt is often disclosed on the public docket, such as in applications to proceed *in forma pauperis*[1] or in foreclosure cases. Plaintiff's cases are not to the contrary, as they concerned anonymity where a plaintiff's highly sensitive medical information was at issue. *See Doe v. United of Omaha Life Ins. Co.*, No. 23-cv-02307-JST, 2023 U.S. Dist. LEXIS 146511, at *2 (N.D. Cal. Aug. 21, 2023) (finding that the plaintiff would be exposed to social stigma and threats to future job opportunities where the complaint identified various mental health disorders that the plaintiff suffered from, including substance use disorders); *In re Meta Pixel Healthcare Litig.*, No. 22-cv-03580-WHO, 2025 U.S. Dist. LEXIS 45310, at *13 (N.D. Cal. Mar. 12, 2025) (allowing the plaintiffs to proceed anonymously because the case concerned disclosure of their private medical information).

Accordingly, the Court DENIES Plaintiff's motion to proceed under a pseudonym.

IT IS SO ORDERED.

Dated: April 22, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge

---

[1] An *in forma pauperis* application, for example, requires an applicant to identify their employer, sources of income (including welfare payments) and amounts, marriage status, home ownership, bank account balance, cash amount, monthly expenses, and existing debts. *See* U.S. District Court, Application to Proceed *In Forma Pauperis*, available at https://cand.uscourts.gov/sites/default/files/forms/Application-to-Proceed-In-Forma-Pauperisnon-prisoner.pdf (last accessed Apr. 22, 2026).

2