Stephen A. Watkins
sawatkins@gsrm.com
GORDON REES SCULLY MANSUKHANI, LLP
633 W 5th St 52nd Fl,
Los Angeles, CA 90071
Phone: (213) 576-5000

*Attorneys for Defendant,*
*The J.G. Wentworth Company*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

RAMADAN ROUBY, individually and on behalf of all others similarly situated,

Plaintiff,

v.

J.G. WENTWORTH COMPANY, a Delaware corporation,

Defendant.

Case No.: 4:26-cv-3082-HSG

**DEFENDANT THE J.G. WENTWORTH COMPANY'S: REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

Date: October 1, 2026
Time: 2:00 p.m.
Judge: Hon. Haywood S. Gilliam, Jr.
Ctrm: 2, 4th Floor

First Amended Complaint
Filed: May 18, 2026

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 1, 2026 at 2:00 p.m., or as soon thereafter as the matter may be heard, before the Honorable Haywood S. Gilliam, Jr., United States District Court, Courtroom 2, 4th Floor, 1301 Clay Street Oakland, CA 94612, Defendant The J.G. Wentworth Company ("JGW"), through its undersigned counsel, will, and hereby does, respectfully request that in connection with its Motion to Dismiss The First Amended Complaint, the Court consider the documents attached as Exhibits 1 through 15 to the accompanying Declaration of Stephen A. Watkins in Support of JGW's Motion to Dismiss First Amended Complaint, filed concurrently herewith. The documents are properly considered by the Court on JGW's motion because they are subject to judicial notice under Federal Rule of Evidence 201 and/or incorporated by reference into the complaint.

Dated: August 7, 2026

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI, LLP

By *<u>/s/ Stephen Watkins</u>*

Stephen Watkins

Attorneys for Defendant

**MEMORANDUM OF POINTS & AUTHORITIES**

Defendant The J.G. Wentworth Company ("JGW") respectfully requests that the Court consider certain documents submitted in connection with JGW's Motion to Dismiss the First Amended Complaint, as described below and attached to the concurrently filed Declaration of Stephen A. Watkins ("Watkins Declaration"). The documents include (1) one publicly available, informational webpage from Meta's website (Exhibit 1), and (2) publicly available Meta terms and policies (Exhibits 2–13), a publicly available application submission screen from JGW's website (Exhibit 14), and a publicly available JGW privacy policy (Exhibit 15). These documents are properly considered because they are incorporated by reference into and integral to the complaint, and/or subject to judicial notice under Federal Rule of Evidence 201.

**I. LEGAL STANDARD**

In deciding a motion to dismiss, a court may consider "materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

The doctrine of incorporation by reference "treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). When a document is incorporated by reference, the Court may consider the contents of the document, and unlike judicial notice, a court "may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (citation omitted). A document is incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja*, 899 F.3d at 1002 (citation omitted). The purpose of the doctrine is to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id.* For that reason, the doctrine may apply even where a complaint does not explicitly mention a document by name or references only a portion of it. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (explaining that incorporation by reference may apply even where the plaintiff "does not explicitly allege the contents of that document in the

complaint"); *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (incorporating employee health plan where claims were premised upon plaintiff's coverage under the plan). The doctrine "applies with equal force to internet pages as it does to printed material." *Knievel*, 393 F.3d at 1076.

Additionally, courts may take judicial notice of matters that are "not subject to reasonable dispute" because they are either (1) "generally known within the trial court's territorial jurisdiction" or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

## II. ARGUMENT

### A. The JGW and Meta Exhibits Are Incorporated By Reference Into The FAC

Exhibits 1 through 2 consist of (1) a Meta informational webpage that helps explain how Meta's Pixel code works (Exhibit 1), and Meta's publicly available Privacy Policy. These documents are incorporated by reference into the complaint.[1]

First, Plaintiff asserts that Meta Pixel receives user data. (*See* FAC ¶¶ 47-48). Meta Pixel is "directly referenced within the [complaint]" and is therefore "incorporated by reference." *Moates v. Facebook Inc.*, 2024 WL 2853976, at *1 n.1 (N.D. Cal. Apr. 3, 2024).

Second, the content of JGW and Meta's Privacy Policies is also incorporated by reference into the complaint. These policies (Exs. 2 and 15) "form[] the basis" of Plaintiff's claims, *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003), because Plaintiff's claims depend on his lack of consent to Meta's receipt of information about his activity on the JGW's website. *See Silver v. Stripe Inc.*, 2021 WL 3191752, at *2-3 (N.D. Cal. July 28, 2021) (explaining that "lack of consent" is an element of CIPA claims); *Lakes v. Ubisoft, Inc.*, 2025 WL 1036639, at *3 (N.D. Cal. Apr. 1,

[1] *See also, e.g.*, *Calhoun v. Google LLC*, 526 F. Supp. 3d 605, 617 (N.D. Cal. 2021) (taking judicial notice of "publicly available Google webpages" and "four versions of Google's Privacy Policy"); *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1061 (N.D. Cal. 2021) (taking judicial notice of various Google privacy policies and terms of service); *Letizia v. Facebook, Inc.*, 267 F. Supp. 3d 1235, 1242 (N.D. Cal. 2017) (taking judicial notice of Facebook's Statement of Rights and Responsibilities); *Opperman v. Path, Inc.*, 205 F. Supp. 3d 1064, 1068 n.3 (N.D. Cal. 2016) (taking judicial notice of privacy policies).

2025), *appeal pending*, No. 25-2857 (9th Cir. 2025) (same); *see also* FAC. ¶¶ 63, 88-89, 94.

Indeed, the Ninth Circuit has reaffirmed that, where a plaintiff's claims are "dependent upon the extent and sufficiency of [the defendant's] disclosures," the "disclosures form the basis of the claims themselves" and a court may incorporate by reference the terms that contain such disclosures. *Gershfeld v. TeamViewer US, Inc.*, 2023 WL 334015, at *1 (9th Cir. Jan. 20, 2023). That is the case here, because Plaintiff cannot adequately allege lack of consent or a reasonable expectation of privacy if policies disclose the data collection he challenges. *See, e.g.*, *Silver*, 2021 WL 3191752, at *2-3; *Hammerling v. Google, LLC*, 2024 WL 937247, at *3 (9th Cir. Mar. 5, 2024). Plaintiff's claims thus "necessarily depend[] on the application of [JGW's] policies—which relate directly to the issue of consent." *Garcia v. Enter. Holdings, Inc.*, 78 F. Supp. 3d 1125, 1136-37 (N.D. Cal. 2015). Accordingly, JGW and Meta's Privacy Policies "may appropriately be considered on a motion to dismiss." *Id.* at 1136-37; *see also Libman v. Apple, Inc.*, 2024 WL 4314791, at *5 (N.D. Cal. Sept. 26, 2024) (holding that welcome screens "form[ed] the basis of Plaintiffs' claims" because they "reflect[ed] the settings Plaintiffs contend they adjusted to protect their privacy").

Plaintiff excerpts from JGW's website the very screens (FAC ¶¶ 26, 51) that lead to the "Submit" page whereby a link to JGW's Privacy Policy is provided (Exs. 14, 15) He also states that certain information is collected after submission. (FAC ¶ 52) He therefore has put the submission screen omitted from his FAC (Ex. 14) at issue.

Meta's Privacy Policy (Ex. 2), governs any collection of information that involved a c_userid that corresponds to a Facebook account (FAC ¶ 48) These Terms and policies govern individuals' use of Meta products, such as Facebook or Instagram, and describe how Meta handles user data, including data received from websites that use Meta Pixel code. As JGW's explains in its motion to dismiss, the Terms and policies disclose that third parties may receive information about users' interactions with those websites. Plaintiff cannot avoid those disclosures, which address the very conduct they challenge, simply by omitting them from their complaint. *See, e.g.*, *New Mexico ex rel. Balderas v. Google, LLC*, 489 F. Supp. 3d 1254, 1258

(D.N.M. 2020) (taking judicial notice of Google's policies and disclosures "as part and parcel of the web-based . . . service that is central to the complaint").

Recently the Court in *Timothee v. Meta Platforms, Inc.,* No. 25-CV-05106-LB, 2026 WL 1130363, at *7 (N.D. Cal. Apr. 27, 2026) court incorporated Meta's privacy policies by reference because the plaintiffs did "not dispute the authenticity of the documents and the plaintiffs' claims depend on them." It is appropriate for the Court to take judicial notice of these privacy policies and associated webpages.

**B. Exhibits 1–15 Are Also Subject To Judicial Notice**

Exhibits 1 through 15 are also judicially noticeable as publicly available documents that are "not subject to reasonable dispute" and whose contents "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

"In general, websites and their contents may be judicially noticed," and "[c]ourts routinely take judicial notice of terms of service." *Hirlinger v. WP Co. LLC*, 2024 WL 2941630, at *2 (N.D. Cal. June 10, 2024) (citation omitted); *see, e.g.*, *Schuster v. Swinerton, Inc.*, 2025 WL 1069887, at *2 (N.D. Cal. Apr. 8, 2025) (taking judicial notice of website); *Delgado v. Meta Platforms, Inc.*, 718 F. Supp. 3d 1146, 1158 n.4 (N.D. Cal. 2024) (taking judicial notice of Meta's Privacy Policy and Terms of Service); *Doe v. Meta Platforms, Inc.*, 690 F. Supp. 3d 1064, 1084 n.8 (N.D. Cal. 2023) (taking judicial notice of Meta's "[Terms of Service], Business Tools Terms, Commercial Terms, Privacy Policy and Cookies Policy"); *Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) (taking judicial notice of publicly available websites).[32] And courts frequently take judicial notice of previous versions of websites archived by the Wayback Machine. *See Shu v. Toyota Motor Sales USA, Inc.*, 669 F. Supp. 3d 888, 892 n.11 (N.D.

---

*See also, e.g.*, *Calhoun v. Google LLC*, 526 F. Supp. 3d 605, 617 (N.D. Cal. 2021) (taking judicial notice of "publicly available Google webpages" and "four versions of Google's Privacy Policy"); *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1061 (N.D. Cal. 2021) (taking judicial notice of various Google privacy policies and terms of service); *Letizia v. Facebook, Inc.*, 267 F. Supp. 3d 1235, 1242 (N.D. Cal. 2017) (taking judicial notice of Facebook's Statement of Rights and Responsibilities); *Opperman v. Path, Inc.*, 205 F. Supp. 3d 1064, 1068 n.3 (N.D. Cal. 2016) (taking judicial notice of privacy policies).

Cal. 2023) (Beeler, J.) (citing cases for proposition that courts routinely take judicial notice of "Wayback Machine content" (quoting *Stemmelin v. Matterport, Inc.*, 2022 WL 783206, at *6 n.1 (N.D. Cal. Mar. 14, 2022)); *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1061 (N.D. Cal. 2021) (taking judicial notice of prior versions of policies accessed via Wayback Machine); *United States ex rel. Hong v. Newport Sensors, Inc.*, 2016 WL 8929246, at *3 (C.D. Cal. May 19, 2016) ("[D]istrict courts in this circuit have routinely taken judicial notice of content from the Internet Archive's Wayback Machine pursuant to [Fed. R. Evid. 201(c)(1)] . . . ."); *Erickson v. Neb. Mach. Co.*, 2015 WL 4089849, at *1 n.1 (N.D. Cal. July 6, 2015) (citing cases).

The Court should do the same here. Exhibits 1 through 15 are publicly available webpages, they are not subject to reasonable dispute, and their contents can be accurately and readily determined. They are thus appropriately subject to judicial notice.

## III. CONCLUSION

For the foregoing reasons, JGW respectfully requests that the Court consider the exhibits attached to the Watkins Declaration submitted in connection with JGW's motion to dismiss.

Dated: August 7, 2026

Respectfully submitted

GORDON REES SCULLY MANSUKHANI, LLP

By /s/ Stephen Watkins

Stephen Watkins

Attorneys for Defendant